

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2004

# USA v. Ritter

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2604

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Ritter" (2004). *2004 Decisions*. Paper 912.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/912

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 02-2604
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER RITTER,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 98-cr-00131-1)
District Judge: Honorable Herbert J. Hutton
_____

Submitted Under Third Circuit LAR 34.1(a)
February 25, 2004
Before:  RENDELL, BARRY and FISHER, Circuit Judges.

(Filed   March 26, 2004 )

_____

OPINION
_____

RENDELL, Circuit Judge.

Christopher Ritter appeals the District Court's Order denying his habeas corpus

claim (Petitioner's Motion to Vacate, Set Aside or Correct a Sentence pursuant to

28 U.S.C. § 2255).  Ritter contends that he was entitled to a hearing on his claim that his

guilty plea was induced by his attorney's false assurances that his sentence would not exceed five years. He also contends that his plea to the charge of aiding and abetting using or carrying a firearm during and in furtherance of a crime of violence was not knowing and voluntary, and in any event lacks a factual basis. Further, and in response to the inquiry of a panel of this Court in issuing the Certificate of Appealability, Ritter suggests that he may be entitled to a remand to the District Court to explore the issue of waiver and cause and prejudice, although he urges that the government's failure to raise the affirmative defense of procedural default below forecloses its consideration on appeal.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 2255 and we exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

I.

Ritter was charged with numerous federal criminal offenses based upon a series of violent robberies and burglaries of residences and businesses in Pennsylvania and New Jersey, involving a loss to victims of over $1 million in antiques, coins, jewelry, and other valuables. Ritter, who worked in the antique business, used his knowledge of the whereabouts and value of goods owned by his associates in the antiques trade and directed his co-conspirators to these locations, identifying items to steal.

Ritter was indicted with one count of Hobbs Act robbery conspiracy, one count of conspiracy to commit interstate transportation of stolen property, three counts of Hobbs

Act robbery, one count of using and carrying a firearm in furtherance of a violent crime, and three counts of interstate transportation of stolen property. He entered a guilty plea to all counts. At sentencing, the District Court granted a downward departure pursuant to section 5K1.1 of the sentencing guidelines, and sentenced Ritter to 196 months' incarceration, three years' supervised release, a $900 mandatory special assessment, and $443,130 in restitution.

In granting the Certificate of Appealability, a motions panel of this Court queried whether one of Ritter's issues was procedurally defaulted on direct appeal, and whether Ritter could overcome such default by demonstrating cause and prejudice. Ritter contends that it was improper for procedural default to have been raised *sua sponte* as it was the government's obligation to raise and preserve the defense. We decline Ritter's invitation to resolve this question because, in any event, it is clear that his underlying claims lack merit.

II.

Ritter finds fault with the manner in which the District Court rejected his contention that ineffective assistance of his counsel tainted his guilty plea. In particular, Ritter argues that the District Court improperly relied upon the plea colloquy, when it should have considered Ritter's affidavits and held a hearing at which evidence could be adduced. Ritter focuses on the fact that, during his colloquy, he understood the guideline

range before departure, but had been led astray by his counsel as to the effect of the departure. He further contends that the papers he filed in the District Court demonstrate that he was assured that his sentence would be no more than five years, based on downward departures attributable to his plea and cooperation, and other factors.

A district court's decision to deny a hearing on a § 2255 petition is reviewed for abuse of discretion. Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Section 2255 provides that a hearing on a defendant's petition is not required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The District Court here conclusively so found. Ritter adduced no proof that he was promised or assured of a specific sentence, but, rather, that counsel gave him his "best estimate" of what sentence might be given if he pled guilty, namely, five years in prison. The plea agreement and the record of the change of plea hearing are replete with references to the fact that the District Court would make the determinations with respect to his sentence under the sentencing guidelines, that the District Court could decline to follow recommendations, and that no promises had been made with respect to the sentence that the District Court would impose. The District Court also advised Ritter that the filing of a § 5K1.1 motion was at the sole discretion of the government, with the District Court having limited ability to review its refusal to file such a motion. In addition, the District Court specifically asked Ritter whether anyone had advised him that the District Court would be lenient at the time of sentencing; Ritter

- 4 -

responded "no."

Given the record, the District Court did not abuse its discretion in denying Ritter's petition for an evidentiary hearing. Whatever counsel had told Ritter, clearly there was no prejudice because Ritter was fully advised at the time of the taking of the plea that the District Court was not party to an agreement or promise of any kind.

With respect to Ritter's contention that his plea to the charge of using or carrying a firearm during and in furtherance of a crime of violence was not knowing and voluntary, again, the transcript from the sentencing hearing proves to the contrary. A lengthy sentencing hearing was held on March 4, 1999, at which Ritter did not advise the District Court of any promise purportedly made by counsel. And, after the District Court had imposed the sentence of 196 months, the Court inquired of the defense if there were any questions, and Ritter had no questions for the Court.

Ritter also attacks the alleged voluntary nature of the plea because he argues it lacked a factual basis. Rule 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment . . . without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R.Crim. P. 11(f) (2001). The District Court's finding of a factual basis for a plea is reviewed for an abuse of discretion. United States v. Cefaratti, 221 F.3d 502, 509 (3d Cir. 2000). Ritter's claim is specifically leveled at the charge of aiding and abetting the use and carrying of a firearm in connection with the home invasion robbery of a coin dealer. We note that Ritter did not

raise this argument before the trial court, nor on direct appeal. Yet even were it properly preserved, it has no merit.

Under 18 U.S.C. § 2(a), "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." Liability for aiding and abetting requires proof that the underlying crime occurred and that the defendant knew of that crime and sought to accomplish it. See United States v. Gordon, 290 F.3d 539, 547 (3d Cir. 2002). Mere knowledge of the crime is not enough; rather, the government must show that the defendant had the specific intent to facilitate the crime. Id. In Gordon, we held that an aiding and abetting violation of § 924(c) does not require that the defendant possessed or controlled the weapon so long as the defendant's actions were "sufficiently 'intertwined with, and his criminal objectives furthered by' the actions of the participant who did carry and use the firearm." Id. (citing United States v. Garth, 188 F.3d 99, 113 (3d Cir. 1999)). We have no difficulty concluding that the record provides a firm basis for Ritter's aiding and abetting conviction.

The evidence of Ritter's knowledge of the violent nature of his associates and that the robberies were conducted at gunpoint, belies Ritter's claims that there was no factual basis for his conviction. Ritter regularly had conversations with these associates after the commission of their crimes, and was made aware of their *modus operandi*. Ritter knew that during these dangerous home invasions, the victims were treated in a violent manner

and were at times held at gunpoint. There is no question but that Ritter's actions were intertwined with and his criminal objectives furthered by his associates who carried and used a firearm. Given his knowledge that guns were used by his associates and his specific intent to make the underlying crimes succeed, Ritter's contention that there was no basis for his plea to aiding and abetting is remarkable, and unsuccessful.

III.

Accordingly, we will AFFIRM the Order of the District Court.